IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| LESLIE LLOYD MOSS, PRO SE, | § | |
| also known as LESLIE L. MOSS, | § | |
| TDCJ-CID No. 896113, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:12-CV-0129 |
| | § | |
| BRAD LIVINGSTON, Executive Director for | § | |
| TDCJ; JOHN ADAMS, Head Warden; | § | |
| DAVID GREGORY, Assistant Warden; | § | |
| JAMES JUDD, Lutinant; | § | |
| LANCE MONDRAGON, Sergeant; | § | |
| LISA SWINT, Lutinant; CALEB SIMMS, | § | |
| Correctional Officer IV; | § | |
| JOHNATHAN McCARTY, Correctional | § | |
| Officer IV; CHARLES STOTTS, Correctional | § | |
| Officer IV; DEBORA SMITH, LVN; and | § | |
| DHIRAJLAL PATEL, Doctor, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF PARTIAL DISMISSAL**

Plaintiff LESLIE LLOYD MOSS, acting *pro se* and while a prisoner confined in the

Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant

to Title 42, United States Code, section 1983 complaining against the above-referenced

defendants and has been granted permission to proceed in forma pauperis.

By his Complaint, plaintiff claims that, after he took the food slot hostage in a dispute

over his sandwich, defendant Lieutenant SWINT, a ranking officer, arrived to hear what

plaintiff's problem was.  When plaintiff explained he wanted a different sandwich, she

responded he would get a jelly sandwich or nothing.  When plaintiff complained he didn't think

that would provide sufficient calories defendant SWINT allegedly stated, she would get the food

slot back and "have [her] boys beat [plaintiff's] ass."

Plaintiff claims he relinquished the food slot sometime after Lt. SWINT left but that, at about 6:10 a.m., defendant Sgt. MONDRAGON and a five-man response team arrived at plaintiff's cell and demanded to know if plaintiff was going to comply with an order to exit his cell.  Plaintiff says he complied, exited his cell, was placed on the floor, and his property was confiscated, while plaintiff argued that it was wrong of defendants to do so.

When plaintiff was being taken back to his cell, he had an altercation with defendant MONDRAGON and was again taken to the floor by the response team.  Defendants Sergeant MONDRAGON and Lt. JUDD ordered the response team to put a sheet over plaintiff's face and pick him up and put him in the cell, at the back of the cell away from the door.  While exiting the cell, the response team had to pull the sheet out with them.  Plaintiff says it was partly around his neck and he rolled toward the front of the cell to keep from being choked.  Plaintiff says the team member refused to let go of the sheet and was pulling plaintiff.

Plaintiff alleges when defendant Sgt. MONDRAGON saw this, he ordered the team to execute another use of force on plaintiff and the team members jumped on plaintiff, who was in restraints and lying on the floor at the time.  Plaintiff says some of them punched and choked him, and stuck a finger in his left eye and rectum.

After the use of force, plaintiff was returned to the back of his cell, the team removed the sheet, and the team backed out of the cell.

A use of force physical was conducted cellside by defendant Nurse SMITH, who examined plaintiff visually.  Plaintiff says he showed defendant SMITH his eye injury, which he says was bleeding badly, and the places he had been punched, and complained that his rectum

was hurting.  Plaintiff says SMITH turned to the camera and said she saw plaintiff's eye bleeding and saw no other injuries, but did not say anything about plaintiff's claim of rectal injury.

Plaintiff says he requested medical care for his rectal injury but defendants SMITH, JUDD, and MONDRAGON ignored his request and left.

Later, plaintiff renewed his requests to other officers and was escorted to the infirmary where he was examined by defendant Dr. PATEL.  He says PATEL said he didn't see any bleeding on plaintiff's penis or rectum, but made no attempt to conduct a swab rape kit test to detect bleeding in the rectal area.

Plaintiff says, after he was returned to his cell, he wiped himself with some tissue and found some blood on it.

He states that, later, defendant SWINT came to his cell, and SWINT asked how plaintiff like the way her boys got down and real dirty and then left laughing.

Plaintiff requests an award of compensatory and punitive damages, as well as costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail,

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C.

1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v.*

*Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim

presents grounds for dismissal or should proceed to answer by defendants.

### THE LAW AND ANALYSIS

The Eleventh Amendment bars citizens' suits in federal court against states and their alter

egos.  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999).

Plaintiff has sued defendants Executive Director LIVINGSTON, Head Warden ADAMS,

and Assistant Warden GREGORY, each in his official capacity.  Plaintiff has also sued

defendants Lt. JUDD and Lt. SWINT in both their official and individual capacities.

Suit against defendants in their official capacities is barred by the Eleventh Amendment.

Eleventh Amendment immunity is an explicit constitutional limitation on the federal judicial

power.  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 907, 79

L.Ed.2d 67, 77 (1984).  The Eleventh Amendment restricts federal court jurisdiction only in

those cases in which the state is the real party in interest.  *Hander v. San Jacinto Junior College*,

519 F.2d 273, 278 (5th Cir. 1975).  A suit against an official in his official capacity is actually a

suit against the state.  *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 361-62, 116 L.Ed.2d 301

(1991); *Sanders v. English*, 950 F.2d 1152, 1158 (5th Cir. 1992).  Consequently, plaintiff's action

for monetary relief against defendants LIVINGSTON, ADAMS, GREGORY, JUDD, and

---

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

SWINT in their official capacities is foreclosed by the Eleventh Amendment.

As to plaintiff's claims against defendant Dr. PATEL, plaintiff alleges defendant PATEL examined plaintiff but did not do a swab test to detect blood.  Plaintiff appears to be attempting to state a claim of deliberate indifference to a serious medical need.  Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).  However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference.  *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  "[N]egligent medical care does not constitute a valid section 1983 claim."  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  Further, merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension.  *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).

The facts alleged by plaintiff will support, at most, a claim of medical negligence, however, negligence does not provide a basis for a section 1983 claim.  *Graves v. Hampton,* 1 F.3d 315, 319 (5th Cir.1993).  Therefore, plaintiff's allegations against defendants Nurse SMITH and Dr. PATEL fail to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the

RECOMMENDATION of the Magistrate Judge to the United States District Judge that the

Claims against defendants LIVINGSTON, ADAMS, and GREGORY, who are sued only their

official capacities, be DISMISSED AS BARRED BY SOVEREIGN IMMUNITY; plaintiff's

claims against defendants JUDD and SWINT in their official capacities be DISMISSED AS

BARRED BY SOVEREIGN IMMUNITY, and plaintiff's claims against defendant PATEL be

DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE

GRANTED.

An Order to Answer has issued of even date herewith to defendants JUDD,

MONDRAGON, SWINT, SIMMS, McCARTY, STOTTS, and SMITH, all in their individual

capacities.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of June, 2012.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In
the event parties wish to object, they are hereby NOTIFIED that the deadline for filing
objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly
above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or

transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).